**L & M RADIATOR, INC., Petitioner,**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 82–1320.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1982.

Decided Dec. 28, 1982.

Carol A. De Deo, Mendelssohn McLean, N.L.R.B., Washington, D.C., William A. Lubbers, Gen. Counsel, John E. Higgins, Jr., Deputy Gen. Counsel, Robert E. Allen, Associate Gen. Counsel, Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B.

John W. Noble, Jr., Paul B. Schechter, Cheryl Blackwell Bryson, Chicago, Ill., for L & M Radiator, Inc.; Katten, Muchin, Zavis, Pearl & Galler, Chicago, Ill., of counsel.

5. We note that the jury also requested and received all pictures admitted into evidence.

Before HEANEY and GIBSON, Circuit Judges, and DUMBAULD,* Senior District Judge.

PER CURIAM.

L & M Radiator, Inc., petitions this Court to review the decision of the National Labor Relations Board finding that L & M violated Section 8(a)(1) of the National Labor Relations Act, 29 U.S.C. §§ 151 *et seq.*, by laying off three employees because they actively participated in a grievance meeting, and by threatening two of these employees that they would not be recalled because they engaged in such protected concerted activity. 108 L.R.R.M. 1266, 259 N.L.R.B. No. 20 (1981). The Board ordered L & M to cease and desist from the unfair labor practices found, or from otherwise violating the employees' section 7 rights. It also ordered L & M to offer reinstatement with back pay to the three discharged employees, and to post appropriate notices. The Board has filed a cross application for enforcement of its order.

L & M's principal argument is that the Board erred in following the analysis it initially established in *Wright Line, A Division of Wright Line, Inc.,* 251 N.L.R.B. 1083 (1980), enf'd, 662 F.2d 899 (1st Cir.1981), cert. denied, 455 U.S. 989, 102 S.Ct. 1612, 71 L.Ed.2d 848 (1982). L & M contends that this analysis improperly places the burden of proof upon employers in mixed motive discharge cases. Under *Wright Line,* the general counsel has the initial burden of showing that protected conduct was a "motivating factor" in the decision to discharge an employee. Once that showing has been made, the burden shifts to the employer to show that it would have discharged the employee even if the employee had not engaged in protected activity.

A panel of this Court approved the Board's *Wright Line* test in *N.L.R.B. v. Fixtures Manufacturing Co.,* 669 F.2d 547 (8th Cir.1982). It stated that "[t]his kind of burden-shifting, we think, is well within the latitude that the Board should have in structuring its fact-finding process in difficult cases." *Id.* at 550 n. 4.

More recently, in *N.L.R.B. v. Alumina Ceramics, Inc.,* 690 F.2d 136 (8th Cir.1982), another panel followed the "but for" test set forth by this Circuit in *Mead and Mount Construction Co. v. N.L.R.B.,* 411 F.2d 1154 (8th Cir.1969). Under this test,

(1) The General Counsel has the burden of proving by a fair preponderance of the evidence that the employee was discharged for his union activities or membership—that but for his union activities or membership, he would not have been discharged.

(2) This burden can be satisfied by direct or circumstantial evidence.

(3) The Board, in reaching its decision, is permitted to draw reasonable inferences, and to choose between fairly conflicting views of the evidence. It cannot rely on "suspicion, surmise, implications, or plainly incredible evidence."

*N.L.R.B. v. Alumina Ceramics, Inc., supra,* 690 F.2d at 138–139 (citations omitted).

We could, of course, ask the Court to consider this matter *en banc* to resolve the differences—if any—between the *Wright Line* and "but for" approaches. We decline to do so, however, because we believe here, as we believed in *N.L.R.B. v. Alumina Ceramics, Inc., supra,* that the Board's order must be enforced under either approach.

 L & M contends that it laid off Ruby Carter and Jacqueline Johnson because they had poor attendance records, and it laid off Sandra Roberts because her productivity was low. The Board rejected these contentions, and found that the petitioner discharged the three employees in retaliation for exercising their section 7 rights. After carefully reviewing the briefs and record, we hold that there is substantial evidence on the record as a whole to support the Board's findings.

---

* The Honorable Edward Dumbauld, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

Employees Carter and Johnson received their first warnings regarding absenteeism almost immediately after the March, 1979 grievance meeting at which they voiced several complaints. In October, L & M laid off these two employees even though it concedes that their attendance had improved after the warnings. The petitioner did not even warn employee Roberts before it laid her off for insufficient production. L & M failed to introduce any evidence showing that Roberts' production was in fact less than that of other employees doing the same work. None of the employees were recalled by the petitioner.

In addition to this circumstantial evidence of the petitioner's unlawful motive, there is also direct record evidence supporting the Board's finding. When Johnson and Carter asked L & M's president, Alex Chisholm, why they had been laid off, he replied that they "were not happy working there and were always complaining." He added that they "were the two biggest bitchers in the company" and that he would "get rid of anybody who was a pain in the ass."

■ Under these facts we cannot ˌsay that there was not substantial evidence on the record as a whole to support the Board's finding that the employees were laid off and not rehired because they expressed their feelings regarding plant conditions at a meeting called specifically for the purpose of airing grievances. We, however, cannot agree with one section of the Board's opinion. The Board implies that an adverse inference can be drawn against the employer by virtue of the fact that prior to the incident here, the employer had always found work for all employees during slack periods rather than laying them off. Such an inference cannot be drawn in this case. The record indicates clearly that the petitioner's business, which is dependent on taconite production on the Minnesota Iron Range, had suffered a severe decline that showed no sign of abating. Under such circumstances, the petitioner had the clear right to lay off employees and to select the employees to be laid off for any lawful

reason. We hold only that the petitioner cannot select employees to be laid off because they exercised their right to engage in protected concerted activities under Section 7 of the Act, which is precisely what it did here.

■ Finally, the petitioner contends that the Board erred in refusing to remand this matter to the administrative law judge or to reopen the record to consider the attendance records of L & M employees other than Carter and Johnson. The petitioner contends that the general counsel's failure to introduce into evidence the attendance records of all L & M employees, which he had in his possession and had reviewed, unfairly prejudiced the company's defense. There is no merit to this claim.

The petitioner had these same records and could have introduced them, or a summary of them, if it chose, but it did not do so. Because the petitioner was not represented by counsel at the hearing, it would have been better practice for the administrative law judge to inform L & M's president that he had the right to introduce all the attendance records. We are unwilling, however, to say that this failure denied L & M a fair hearing. The petitioner knew from the outset that the Board's position was that the reasons given by the company for the discharges were pretextual. It was not too much to expect L & M's president to understand that he could, if he wished, introduce any company records to support his position.

For the foregoing reasons, we hold that the Board's finding that L & M violated Section 8(a)(1) of the Act is warranted by the record as a whole and has a reasonable basis in law. Its order, therefore, is enforced.